## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEIDI and DOUG BARLOW,<br><br>                 Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, BRENT HAGAR, an individual, and HAGAR STATE FARM AGENCY, LLC,<br><br>                 Defendants. | Case No.:  CIV-25-44-R<br><br><br><br><br><br><br><br><br><br>*Judge David Russell* |

**HAGAR DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFFS' MOTION TO STAY DEADLINES TO PENDING MOTIONS TO DISMISS UNTIL THE COURT RULES ON PLAINTIFFS' MOTION TO REMAND AND BRIEF IN SUPPORT**

Defendants Brent Hagar, an individual, and Hagar State Farm Agency, LLC (collectively, the "Hagar Defendants"), pursuant to this Court's Order dated March 7, 2025 [Doc. No. 23], object and respond to the request by Plaintiffs to stay any further briefing or adjudication of the present Motions to Dismiss filed by Defendant Hagar individually [Doc. No. 19] and Defendant Hagar State Farm Agency, LLC [Doc. No. 20]. The Hagar Defendants would show the Court that the service of process on the Hagar State Farm Agency, and the Motion to Dismiss filed by Brent Hagar, an individual who was neither properly joined nor served at the time of this case's removal, both rest on questions of personal jurisdiction that should take precedence over any of Plaintiffs' alleged concerns regarding subject matter jurisdiction. In support of this Objection and Response to Plaintiffs' Motion to Stay, the Hagar Defendants respectfully direct this Court to the following.

## ARGUMENT AND AUTHORITIES

1. **THIS COURT SHOULD DETERMINE THE QUESTION OF ITS PERSONAL JURISDICTION BASED ON LACK OF PROPER SERVICE PRIOR TO CONSIDERING PLAINTIFFS' SUBJECT MATTER JURISDICTION CLAIMS**

Contrary to Plaintiffs' contentions in their Motion to Remand, subject matter jurisdiction is ***not*** the only question that takes precedence. In *Ruhrgas Ag v. Marathon Oil Co.*, the Supreme Court addressed this very issue, stating in no uncertain terms that there is no mandatory "sequencing of jurisdictional issues" that must take place. 526 U.S. 574, 584 (1999). Marathon Oil sued the German gas company Ruhrgas in Texas state court, asserting multiple state law tort claims. Ruhrgas removed the case, as State Farm did in this matter, based in part on diversity jurisdiction and fraudulent joinder of a non-diverse plaintiff. Ruhrgas then moved to dismiss, as Hagar individually did in this matter, based on lack of personal jurisdiction. Marathon Oil moved to remand, as Plaintiffs did in this matter, based on lack of subject matter jurisdiction. The trial court granted Ruhrgas' motion to dismiss, and the Fifth Circuit reversed, albeit with a limitation that the subject matter jurisdiction question should only be resolved first in cases that have been removed. The Supreme Court affirmed the trial court's dismissal of Ruhrgas in a unanimous decision. Justice Ginsburg's opinion speaks for itself:

> A federal district court is not barred from dismissing a removed case for lack of personal jurisdiction without first deciding its subject-matter jurisdiction. In cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy. . . ***[T]here are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry.***

*Ruhrgas*, 526 U.S. at 577 (emphasis added). The Tenth Circuit, in considering this issue in *Estate of Cummings v. Cmty. Health Sys.*, held similarly:

> Even when there is a question of subject-matter jurisdiction lurking in the case that may well have to be resolved with respect to other parties, *a straightforward determination that the court lacks personal jurisdiction over a party may be appropriate. After all, the party over which there is no personal jurisdiction should not have to participate at all in the litigation in that forum.* A court sensitive to that concern is not abusing its discretion when it decides to relieve the improper party of the burden of participation for what may be a lengthy period (here, more than two years) before resolution of subject-matter jurisdiction.

881 F.3d 793, 800 (10th Cir. 2018). The Hagar Defendants submit that this is one of those cases. Although the Hagar Defendants are residents of Oklahoma, under Oklahoma law in the absence of proper service, the Court is nevertheless deprived of personal jurisdiction over a defendant. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). In Plaintiffs' recently filed Reply in support of their Motion to Remand, they call their failure to serve Hagar individually prior to the removal of this lawsuit "an inadvertent procedural defect" that "has since [been] cured" [Doc. No. 24, pg. 5]. It wasn't at the time, and there has been no proper opportunity to cure Plaintiffs' defective service. Here, Plaintiffs' attempt at service on Hagar was made in the state court case even though the case had been removed to federal court, and state court no longer had jurisdiction.

Pursuant to 28 U.S.C. § 1448, upon removal of an action, any process or service on any unserved defendants "may be completed or new process issued in the same manner *as in cases originally filed in such district court.*" As further stated by the Eastern District of Oklahoma: "Inasmuch as the jurisdiction of the federal courts on removal of an action from a state court is, in a limited sense, a derivative jurisdiction, if the state court lacks

jurisdiction of the parties the federal court acquires none ***upon removal***. If . . . the state court did not acquire personal jurisdiction of the Defendants or the service of process with which the action was commenced in the state court was defective, the federal court is without removal jurisdiction." *McCurtain Cnty. Prod. Corp. v. Cowett*, 482 F. Supp. 809, 813 (E.D. Okla. Jun. 15, 1978). To that end, a state court no longer has jurisdiction over the case, and the case will be governed by the Federal Rules of Civil Procedure instead. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). Although the Tenth Circuit in *Wallace* did not explicitly rule on the question of whether service of a state court complaint in a removed case had legal effect, *Wallace* cited to the Ninth Circuit's holding in *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967), which held that a summons issued in a state court had no legal effect when served after one of the codefendants removed the case to federal court.

Many other federal district courts, both inside and outside of this Circuit, have upheld the *Beecher* precedent and considered any post-removal state court process null and void. *See, e.g.*, *Ibarra v. City of Clovis*, 2005 U.S. Dist. LEXIS 62669 (D.N.M. Dec. 14, 2005); *Bruley v. Lincoln Property Co.*, 140 F.R.D. 452 (D. Colo. Dec. 31, 1991); *Codrington v. Arch Specialty Ins. Co. of Tex.*, 2019 U.S. Dist. LEXIS 130165 (D.V.I. Aug. 5, 2019); *Randolph v. Hendry*, 50 F. Supp. 2d 572 (S.D. W.Va. May 11, 1999); *Motsinger v. Flynt*, 119 F.R.D. 373 (M.D.N.C. Mar. 15, 1988); *Dean Marketing, Inc. v. AOC Int'l (USA) Ltd.*, 610 F. Supp. 149 (E.D. Mich. May 29, 1985); *Fischman v. Fischman*, 470 F. Supp. 980, 984 (E.D. Pa. May 2, 1979).

Once State Farm removed case was removed, the Federal Rules of Civil Procedure applied. FED. R. CIV. P. 4(a) requires summons to be issued by the district court in which the case is pending, be signed by the court clerk, and bear the court's seal. The Hagar Defendants do not dispute that state court summonses were issued to the Hagar Agency and Hagar individually *since removal* of the case to federal court. The state court summons to the Hagar Agency was served on February 10, 2025—one (1) month after State Farm removed this case to this Court—and filed with this Federal Court on February 14, 2025. The summons and affidavit of service clearly state the state court case number (CJ-2024-7829) and the name of the state court (District Court for Oklahoma County, State of Oklahoma), as well as a signature by the Oklahoma County Court Clerk. [Doc. No. 18-1]. These same defects are present on Hagar's individual summons as well, which Plaintiffs served on March 7, 2025—seven (7) days after Hagar and the Hagar Agency filed their Motions to Dismiss, twenty-five (25) days after Plaintiffs filed their Motion to Remand, and fifty-six (56) days after State Farm removed this case to this Court—and filed with this Federal Court on March 10, 2025. As with the summons for the Hagar Agency, the summons for Hagar is signed by the Oklahoma County Court Clerk and bearing the Oklahoma County District Court's seal [Doc. No. 25-1]. No personal jurisdiction was acquired over either of these defendants *at the time of removal.* To that end, the District Court of Oklahoma County no longer has jurisdiction over this matter, and these summonses are not valid. Accordingly, the questions in Hagar's brief regarding personal jurisdiction should take precedence over Plaintiffs' questions of subject matter jurisdiction in their Motion to Remand.

### 2. STANDARD FOR MOTION TO STAY

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). Ordinarily, the granting of a stay lies within the district court's discretion. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). The court must "weigh competing interests and maintain an even balance," and the movant for a motion to stay must "make out a clear case of hardship or inequity." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In determining whether to grant a stay, most Courts consider four factors: "(1) whether the [movant is] likely to prevail in the related proceeding; (2) whether, absent a stay, the [movant] will suffer irreparable harm; (3) whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and (4) the public interests at stake." *USW*, 322 F.3d at 1227. Only if the moving party demonstrates a substantial likelihood of success on the merits, coupled with the balance of equities, should the Court grant a stay on further consideration of the issue where a stay is sought. *Id.*

Here, a stay in the present case would be unwarranted and inappropriate based on an analysis of the *USW* factors. First, it is unclear, at best, whether Plaintiffs are likely to prevail in the related proceeding. Plaintiffs allege that a stay "will prevent unnecessary briefing on motions before this Court that may become moot as a result of the Court's determination of its jurisdiction to hear the matter" [Doc. No. 22, pg. 3], when the jurisdiction of Hagar (and possibly the Hagar Agency) in Plaintiffs' lawsuit is a

6

consideration that should take precedence. Whether the lawsuit can be heard is one thing, but whether the court has jurisdiction over its litigants is no less, and arguably even more, important. Although, according to Plaintiffs, "a stay will not negatively impact the expeditious course of litigation" because a scheduling order or deadlines have not been entered [Doc. No. 22, pg. 3], making this Court consider this jurisdictional and service issue will be a far better use of its resources than for the Hagar Defendants to be forced to prepare separate Motions to Dismiss in a forum that does not have jurisdiction over them based on the lack of proper service.

Thirdly, there is no "substantial harm" that would result if Plaintiffs were made to brief this issue and if this Court was made to decide on it prior to deciding on the Motion to Remand. Any inconvenience to Plaintiffs by working on this issue of personal jurisdiction prior to the subject matter jurisdiction issue would be superfluous. Plaintiffs cannot satisfy their heavy burden that "extreme circumstances" are present which warrant the imposition of a stay. There would certainly be no harm to co-Defendant State Farm, as Plaintiffs' Motion to Remand still has yet to be decided. Finally, the public interest at stake with respect to this issue is the exercise of state court and federal court powers. When a case is removed from state court to federal court, and a party opposed to the removal attempts a remand, it is the remanding party's responsibility to ensure that all defendants that would defeat diversity are properly joined and served. In this case, Plaintiffs failed to follow these terms to the letter, and appear to have engaged in a pattern of "fixing" their service mistakes only after the Defendants pointed them out. This Court should not uphold such vexatious conduct and grant a stay for Plaintiffs.

7

**WHEREFORE,** Defendants Brent Hagar, an individual, and Hagar State Farm Agency, LLC, respectfully request this Court promote the interests of judicial economy and deny Plaintiffs' Motion to Stay Deadlines on responding to the Hagar Defendants' Motions to Dismiss, because the issue of personal jurisdiction, or lack thereof, based on Plaintiffs' improper service on these Defendants (and especially Defendant Hagar, individually) should take precedent over any alleged concerns of "subject matter jurisdiction." Defendants Brent Hagar and Hagar State Farm Agency, LLC, further request all relief the Court deems just and proper.

Respectfully submitted,

*/s/ Michael W. Brewer*
**MICHAEL W. BREWER, OBA #11769**
**WILLIAM W. WHITEHURST, OBA #34820**
**HILTGEN & BREWER, P.C.**
9505 North Kelley Avenue
Oklahoma City, Oklahoma 73131
Telephone:        (405) 605-9000
Fax:              (405) 605-9010
Email:            mbrewer@hbokc.law
                  wwhitehurst@hbokc.law
**ATTORNEYS FOR DEFENDANTS**
**BRENT HAGAR AND HAGAR**
**STATE FARM AGENCY, LLC**

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Reggie N. Whitten, OBA #9576
Michael Burrage, OBA #1350
Blake Sonne, OBA #20341
Hannah Whitten, OBA #35261
John S. Sanders, OBA #34990
Jake Denne, OBA #35097
**WHITTEN BURRAGE**
512 North Broadway Avenue, Suite 300
Oklahoma City, Oklahoma 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
bsonne@whittenburragelaw.com
hwhitten@whittenburragelaw.com
jsanders@whittenburragelaw.com


George Gibbs, OBA #11843
**GIBBS & ARMSTRONG**
2021 South Lewis Avenue, Suite 410
Tulsa, Oklahoma 74104
918-587-3939 Telephone
918-582-5504 Facsimile
ggibbs@gablawyers.com
**ATTORNEYS FOR PLAINTIFF**

Timila S. Rother, OBA #14310
Paige A. Masters, OBA #31142
**CROWE & DUNLEVY**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 239-6651 (facsimile)
Timila.rother@crowedunlevy.com
Paige.masters@crowedunlevy.com
**ATTORNEYS FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY**

*/s/ Michael W. Brewer*
**MICHAEL W. BREWER**