UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HEIDI BARLOW and DOUG BARLOW,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**STATE FARM FIRE AND CASUALTY** )<br>**COMPANY, et al.,** )<br>)<br>**Defendants.** ) | Case No. CIV-25-44-R |

### ORDER

Before the Court is Plaintiffs' Motion for Reconsideration requesting the Court reconsider its Order [Doc. No. 32] denying remand. The motion is fully briefed [Doc. Nos. 34, 38] and at issue.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see also Ankeney v. Zavaras,* 524 F. App'x 454, 458 (10th Cir. 2013) (applying same standard to reconsideration of interlocutory order). Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted). Stated another way, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

In its prior order, the Court found that Plaintiffs had not stated a possibly viable claim for negligent procurement of insurance or constructive fraud/negligent misrepresentation against their insurance agent and the agent was therefore a fraudulently joined defendant whose citizenship could be disregarded for the purposes of establishing diversity jurisdiction. Plaintiffs contend that the Court made multiple errors in reaching this conclusion.

First, Plaintiffs argue that the Court erroneously found that Plaintiffs were primarily relying on implied representations that insurance agents make when they bind or sell a policy when, in fact, the Petition pleaded specific misrepresentations by the insurance agent. The Court is not persuaded that it misconstrued Plaintiffs' allegations. The Petition alleges that "Defendants' representations and/or material omissions" are "inherent to the act of procuring, binding, and renewing coverage" and that the agent "inherently conveyed" information about the coverage limits and property condition "by virtue of the act of procuring the Policy." *See* Doc. No. 1-2 ¶¶ 19, 25, 36. Plaintiffs point to allegations stating that "Defendants misrepresented" the property's condition, the coverage, or the satisfaction of underwriting guidelines. Pet. ¶ 73. However, as noted in the Court's prior order, other than an alleged assurance that Plaintiffs would receive a replacement cost policy that "afforded them the best coverage they could get with State Farm," Plaintiffs have not identified any specific statements by the agent concerning the property's condition or State Farm's claims handling. Moreover, State Farm's Notice of Removal and Response to Plaintiffs' Motion to Remand both relied on the absence of affirmative statements by the agent to support their fraudulent joinder argument. *See* Doc. No. 1 ¶ 29, 32, 34, 36; Doc.

No. 21 at 1, 6-8. Plaintiffs did not dispute this characterization in their Motion to Remand or Reply brief and instead repeatedly described the agent as making "inherent" or "implied" representations. Plaintiffs' belated attempt to recharacterize their allegations or bolster their argument does not support reconsideration.

But regardless, the alleged misrepresentations have no causal connection to Plaintiffs' damages and therefore cannot support a claim against the agent. State Farm issued Plaintiffs a replacement cost value policy that provided coverage for wind and hail damage. Thus, any alleged representations about the property's eligibility for replacement cost coverage, satisfaction of the underwriting guidelines, or coverage values were either true or not the cause of Plaintiffs' damage

Second, Plaintiffs argue that the Court overlooked allegations regarding State Farm's pre-existing damage denial and erroneously concluded that a pre-existing condition did not negate or limit coverage for the roof. The Court did not overlook this argument, it simply disagreed with Plaintiff's position. Plaintiffs' requested a replacement cost value policy that provided coverage for wind and hail damage and that is what they received. Plaintiffs have not alleged or identified any pre-existing condition or defect that limited the coverage for wind and hail damage to the property. State Farm's allegedly incorrect determination that some of the claimed damage is attributable to a non-covered peril or was not caused by storm damage does not mean the coverage is negated. The dispute here concerns State Farm's interpretation of the policy and its claims handling practices, not the agent's actions during the procurement stage.

3

Plaintiffs' final argument is that the Court erred in its analysis because Plaintiffs made a specific request for a full replacement cost policy. This argument misses the point entirely. The Court acknowledged that Plaintiffs made a specific request for a replacement cost policy and, in fact, received a replacement cost policy. However, Plaintiffs also alleged that they requested "full coverage" on the roof. *See* Pet. ¶ 25. The Court therefore noted that this sort of "general request[] for 'full coverage' or 'adequate protection'" does not, under Oklahoma law, expand an agent's duties with respect to the procurement of insurance. *Rotan v. Farmers Ins. Grp. of Companies, Inc*., 83 P.3d 894, 895 (Okla. Civ. App. 2004). Although a specific request for a replacement cost policy might support a claim for negligent procurement if an agent fails to actually procure a replacement cost policy, Plaintiffs indisputably received a replacement cost policy that covers weather related damage. Plaintiffs have not identified any clear error or explained how the agent's procurement of the policy was negligent or fraudulent.

The Court is not persuaded that it misapprehended Plaintiffs' position or that there is any clear error in need of correction. Accordingly, Plaintiffs' Motion for Reconsideration is DENIED.

There is, however, one additional item that needs to be addressed. Plaintiffs' Motion for Reconsideration includes a request to conduct jurisdictional discovery, without any citation to authority or argument in support of their request. This perfunctory request is not sufficient to warrant jurisdictional discovery and is therefore denied. After filing their motion, Plaintiffs' counsel submitted an email to the Court which included a letter requesting the opportunity to conduct jurisdictional discovery and a set of proposed

discovery requests. The letter was also sent to the Court via certified mail. The Court does not typically accept letters as pleadings (particularly in counseled cases) and any future requests for relief must be formatted as a motion consistent with Local Civil Rule 7.1.

    IT IS SO ORDERED this 2nd day of July, 2025.

                                                DAVID L. RUSSELL
                                                UNITED STATES DISTRICT JUDGE