## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HEIDI and DOUG BARLOW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: CIV-25-00044-R |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
## MOTION FOR ENTRY OF PROTECTIVE ORDER AND BRIEF IN SUPPORT

Defendant State Farm Fire and Casualty Company ("State Farm") moves the Court to enter the proposed Protective Order, attached hereto as Exhibit 1, to govern the disclosure of certain proprietary, confidential, and/or trade secret information exchanged by the parties in this litigation. In support of this Motion, State Farm states as follows:

1.      This action arises out of a dispute as to whether the roof of Plaintiffs' house was a total loss due to hail damage under their insurance policy with State Farm with a contract amount of about $40,000. Plaintiffs also sue for breach of the covenant of good faith and fair dealing.

2.      On August 15, 2025, Plaintiffs served 44 requests for production of documents, 30 interrogatories, and 30 requests for admission ("Discovery Requests") on State Farm seeking broad confidential, proprietary, and trade secret information, including information relating to State Farm's personnel files, institutional training, claims of other insureds, policies and procedures, internal business strategies, and finances—information

State Farm takes great pains to protect, and the dissemination of which could expose it to competitive harm by giving other insurers insights into its business and providing shortcuts to creation of competing information.

3.     Simultaneous with responding to Plaintiffs' discovery requests on September 17, 2025, State Farm produced 620 pages of documents to Plaintiffs including Plaintiffs' Policy, claim file, and underwriting file none of which State Farm identifies as proprietary and thus which did not require a Protective Order.

4.     While State Farm objects to the mass overbreadth of the discovery which is the subject of pending motions, State Farm also agreed to produce the additional documents when a Protective Order is entered:

- Three years of financial information.

- Employee Shields (performance reviews) for the personnel involved in the handling of Plaintiffs' claim for a three year period.

- Estimatics and Claim Handling Practices—the collection of operational guidelines, state specific materials and storm information and data relevant to adjusting claims from the storm with the Plaintiffs' date of loss. State Farm calls these the ECHP documents.

- Training transcripts for the personnel who adjusted Plaintiffs' claims, with the agreement that State Farm will then produce the training materials identified by Plaintiffs from the transcript that relate to the wind/hail determinations at issue – in short the relevant training materials.

- Specifically State Farm will produce Operational Guide 75-160 which includes the guidelines applied to wind/hail determinations and specifically includes what additional guidelines grew out of the Fire Model Enhancement Program about which Plaintiffs seek such expansive discovery.

- Operation Guide 70-96 entitled Use of Engineering Firms in the Handling of First Party Property Claims.

2

- Fire Property Claims Quality Plan in effect on the date of loss as well as years 2020 and 2021 as requested by Plaintiffs.

- Other rcategories of information as agreed or ordered by the Court.

5.      In anticipation of producing this proprietary information and the need for a Protective Order, State Farm attached a proposed Protective Order to its discovery responses when they were served on September 17 for Plaintiffs' to review and consider so that it could produce the agreed documents.   The proposed Protective Order was modeled after Protective Orders this Court had entered in earlier cases including *Cunanan v. State Farm Fire & Casualty Company*, Case No. CIV-23-540-R (Dkt. No.. 15). Plaintiffs did not respond.

6.      After the Court entered General Order 25-7 changing the handling of sealed filings, State Farm revised the proposed Protective Order to comply with the General Order and sent Plaintiffs' counsel the updated draft on October 14, 2025.  Plaintiffs' counsel still did not respond.

7.      At the in Chambers meeting with the Court on December 11, 2025, Plaintiffs' counsel suggested that, in addition to urging that the Court adopt indiscriminate discovery rulings entered by Judge Palumbo in two state court cases requiring answers to every interrogatory and production of every document requested by Plaintiffs in discovery identical to that served here, they also planned to propose a new form of protective order entered by Judge Palumbo as well.

8.      Plaintiffs have had, for more than three months, the same protective order this Court has entered in other cases   and  have neither revised it nor suggested any

reasonable alternative. Further, though State Farm agreed to produce numerous documents upon entry of the Protective Order, by taking no action on the Protective Order Plaintiffs effectively gated their own stated desire to have the documents.

9.      State Farm seeks only to protect information that has been information courts routinely find confidential, including claim-handling guidelines and competitive business information. *See, e.g., Deer Creek Water Corp. v. Okla. City*, No. CIV-19-1116-SLP, 2020 WL 12617254, at *1 (W.D. Okla. July 17, 2020) ("It is apparent that some of the materials to be produced ... are proprietary, trade secret, and/or contain confidential information. The only true question for the Court is what the terms of the protective order should be."); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 423 (S.D. Ind. 2001) (finding State Farm's claims handling policies, practices and procedures to constitute trade secrets or otherwise confidential and proprietary information and issuing protective order governing their disclosure); *Adams v. Allstate Ins. Co.*, 189 F.R.D. 331 (E.D. Pa. 1999) (issuing protective order limiting use of claims handling material to that action); *Jones v. Nationwide Ins. Co.*, No. 3:98-CV-2108, 2000 WL 1231402, at *4 (M.D. Pa. 2000) (directing that "all company policies and all claims manuals, ... be kept confidential, for the eyes of plaintiff's counsel only"); *Fullbright v. State Farm Mut. Auto. Ins. Co.*, No. CIV-09-297-D, 2010 WL 300436, at *2 (W.D. Okla. Jan. 20, 2010) (noting "[p]ersonnel files are regarded as private and contain material which employees regard as confidential, and a court must be cautious in ordering their disclosure," and requiring production only of limited information, and only subject to a protective order). Plaintiffs' counsel have not questioned that such information is confidential in the past.

4

10.     Rule 26(c) of the Federal Rules of Civil Procedure permits and contemplates entry of a protective order limiting the terms of discovery.  The Protective Order proposed by State Farm will not prohibit discovery of confidential information, but will designate the way in which such information will be discovered and used.

11.     The proposed Protective Order is necessary to ensure that, while confidential information may be used for purposes of discovery and use in the trial of this lawsuit, such information will not be disseminated to the detriment of State Farm beyond those attorneys, parties, or persons working in connection with this lawsuit, or as otherwise permitted by the Court upon request for leave by a party.  Good cause exists for entry of the Protective Order, which will facilitate the goals of the Federal Rules of Civil Procedure, promoting a more just, speedy, and inexpensive discovery process.  *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("No doubt [protective orders] make[] the discovery process in a particular case operate more efficiently; the assurance of confidentiality may encourage disclosures that otherwise would be resisted.").

## RELIEF REQUESTED

Accordingly, State Farm requests that the Court enter the proposed Protective Order submitted herewith.

Respectfully submitted,

*/s/ Paige A. Masters*
Timila S. Rother OBA #14310
Paige A. Masters, OBA # 31142
**CROWE & DUNLEVY, P.C.**
Braniff Building

5

324 N. Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
timila.rother@crowedunlevy.com
paige.masters@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT
STATE FARM FIRE AND CASUALTY
COMPANY**


## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2025, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrants:

**Reggie Whitten**      rwhitten@whittenburragelaw.com

**Michael Burrage**     mburrage@whittenburragelaw.com

**Blake Sonne**         bsonne@whittenburragelaw.com

**Hannah Whitten**      hwhitten@whittenburragelaw.com

**John S. Sanders**     jsanders@whittenburragelaw.com

**Jake Denne**          jdenne@whittenburragelaw.com

**George Gibbs**        ggibbs@gablawyers.com

**James Warner**        jwarner@nixlaw.com

<em>/s/ Paige A. Masters</em><br>Paige A. Masters

6149817