UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) HEIDI BARLOW<br>   and<br>(2) DOUG BARLOW,<br>   *Plaintiffs*,<br>v.<br>(1) STATE FARM FIRE AND<br>   CASUALTY COMPANY,<br>   *Defendant*. | Case No. CIV-25-44-R<br><br>Hon. David L. Russell |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND BRIEF IN SUPPORT**

Although Plaintiffs do not object to the entry of a protective order in this case, the proposed order submitted by State Farm is simply unworkable, mainly due to the fact that the proposed order is broadly scoped and allows unilateral and sweeping "confidential" designations untethered to narrowly defined categories. Such unfettered discretion should not be permitted. Although State Farm marked **Exhibit 1** to its Motion as an "Agreed Protective Order," Plaintiffs have at no time agreed to the Protective Order it has submitted to this Court for consideration. In support, Plaintiffs state as follows:

### ARGUMENT

As the proponent of the subject protective order, State Farm bears the burden of establishing "good cause" for the terms expressed therein, and to demonstrate good cause, State Farm "must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Harvest Grp., LLC v. Love's Travel Stops*

*& Country Stores, Inc.*, 2025 WL 2576696, at *2 (W.D. Okla. July 18, 2025) (citation omitted); *see also Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)("In determining whether good cause exists to issue a protective order that prohibits the dissemination of documents or other materials obtained in discovery, 'the initial inquiry is whether the moving party has shown that disclosure of the information will result in a 'clearly defined and very serious injury.' ") (citations omitted).

Here, the proposed order applies to "all documents," "the information contained therein," and "all other information produced or disclosed," regardless of format or source, so long as it is designated under the protective order, which sets an exceptionally expansive baseline for coverage. Doc. 64-1 at ¶1(a). The definition of "Confidential Information" then sweeps in "any material designated under Paragraph 1(b)" across all discovery modes (documents, testimony, interrogatories), effectively converting the order's scope into overbroad protection wherever a designation is made. *See id.* ¶1(c).

To this end, the order authorizes any "Supplying Party" (mainly, State Farm) to designate as confidential any discovery "it and its counsel believe[s] in good faith" discloses financial, trade secret, competitive, or "other types of sensitive or proprietary information contemplated under Rule 26(c)," which is an open-ended standard that turns on State Farm's unilateral belief with no categorical limitation, objective criteria, or requirement to narrowly tailor such designations. This invites sweeping, indiscriminate designations. *See id.* at ¶1(b); *see also Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)("The court recognizes that the type of documents defendant seeks to protect are

potentially confidential and may be protectable from broad dissemination. ... However, defendant's proposed order is not limited to these specific types of documents.").

Moreover, the order permits State Farm to designate as confidential information supplied by a non-party merely because the party had previously transmitted the information to that non-party "under an agreement or obligation that it would remain confidential," effectively importing private confidentiality agreements wholesale into court-ordered protection without independent judicial scrutiny under Rule 26(c). Doc. 64-1 at ¶1(b). These provisions contain no guardrails that would require State Farm to identify a protected category, articulate a particularized harm, or limit designations to segregable portions, which facilitates blanket or indiscriminate designations at scale. *Reed, supra.* The lack of such protective measures, coupled with the unfettered, unilateral discretion given to State Farm once a unilateral designation is made, compounds the effects of **over-designation** rather than constraining it. And although the order provides a challenge mechanism (¶5), it allows State Farm's designations to persist indefinitely unless and until Plaintiffs move and obtain a ruling ordering disclosure, which, combined with the unilateral, open-ended designation standard, reinforces asymmetric control by State Farm, and encourages over-designation as the default method and creates the risk of needlessly prolonging litigation.

In short, because the designation standard is open-ended and subjective, State Farm can mark large swaths of discovery "Confidential" without contemporaneous, particularized justification, effectively shifting the burden to Plaintiffs to police excess through motion practice while all material remains restricted in the interim. And, by

3

allowing State Farm to designate non-party materials based on private agreements, the order risks converting routine business confidentiality clauses into litigation-wide secrecy without the narrowing that Rule 26(c) requires, again on State Farm's unilateral say-so.

As previously indicated by counsel, Plaintiffs respectfully suggest that the Court adopt a protective order of the type approved by the Court in *Hursh v. State Farm Fire & Cas. Co.*, No. CJ-2025-2626 (Okla. Cnty. Dist. Ct.) and *Faust v. State Farm Fire & Cas. Co.*, No. CJ-2025-1675 (Okla. Cnty. Dist. Ct.), which more narrowly defines and limits such protected categories. *See* **Exhibits 2 and 3** attached hereto. Moreover, Plaintiffs respectfully request the Court enter the Protective Order proposed by Plaintiffs and attached as **Exhibit 1** to this Response. Importantly, Plaintiffs submit that the key differences in Plaintiffs' Protective Order are the following: (1) Paragraph 3(a)(ii) of Plaintiffs' Protective Order prevents State Farm from unilaterally and improperly designating the handling of Plaintiffs' claim and bad faith tactics used to deny the same as confidential because State Farm's internal policies, procedures and guidelines that dictate the handling of claims in bad faith are not entitled to any trade secret or confidential protections under Oklahoma law and/or the Federal Rules of Civil Procedure; (2) Paragraph 4 of Plaintiffs' Protective Order ensures that "[t]he burden of establishing that a document or testimony contains trade secret or personal confidential information and is entitled to the protection of this Protective Order shall remain on the party making the designation."

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that the Court deny Defendant's Motion for Entry of Protective Order as set forth herein and enter Plaintiffs' Protective Order attached as **Exhibit 1** to this Response.

Respectfully submitted,

/s/ *John Sanders*
Reggie N. Whitten, OBA No. 9576
Michael Burrage, OBA No. 1350
Blake Sonne, OBA No. 20341
Hannah Whitten, OBA No. 35261
John S. Sanders, OBA No. 34990
Jake Denne, OBA No. 35097

**Whitten Burrage**
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Office:        405.516.7800
Facsimile:   405.516.7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
bsonne@whittenburragelaw.com
hwhitten@whittenburragelaw.com
jsanders@whittenburragelaw.com
jdenne@whittenburragelaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing Motion to Remand was served on all parties of record by means of the Court's ECF system.

/s/ *John Sanders*