FILED IN DISTRICT COURT
OKLAHOMA COUNTY

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

DEC 1 1 2025

RICK WARREN
COURT CLERK

135

| | |
|---|---|
| **BILL and LACY HURSH,** | |
| *Plaintiffs,* | |
| v. | **CASE NO. CJ-2025-2626** |
| | **Hon. Amy Palumbo** |
| **STATE FARM FIRE & CASUALTY COMPANY; MARK D. WELTY; and MARK D. WELTY INSURANCE AGENCY, INC.,** | |
| *Defendants.* | |

## PROTECTIVE ORDER

All Parties to this litigation, defined as Plaintiffs Bill and Lacy Hursh ("Plaintiffs"), Defendant State Farm Fire and Casualty Company ("State Farm"), Defendant Mark D. Welty ("Welty"), and Defendant Mark D. Welty Insurance Agency, Inc., ("Welty Agency") acknowledge that certain documents produced in this action may contain trade secret or other confidential information as defined in paragraph 3 of this Protective Order. The Parties, by and through their attorneys of record, therefore agree and it is hereby ordered as follows:

1.     Any party may designate as "Confidential" any documents or any portion of a document produced by it in this litigation. The party making the designation of confidential material represents that it has done so after a bona fide determination made in good faith that the material is in fact trade secret or other confidential information as defined in paragraph 3. Each document or portion of a document the party in good faith believes to contain confidential

**EXHIBIT**
**2**

information shall be marked "Confidential." The party shall take care that its designation does not obscure or render illegible the information on the document so designated.

2.    Any party may designate as "Confidential" a portion of a deposition taken in this matter by stating on the record that the party is designating a portion of the deposition "Confidential" or by advising the court reporter and counsel for all other Parties, in writing, within thirty (30) days of receiving the deposition transcript of the page(s) and lines of the deposition that the party deems "Confidential." Nothing within this Protective Order shall allow a party to designate an entire deposition transcript as "Confidential" without first obtaining an order from this Court allowing such designation.

3.    As used in this Protective Order, "Confidential" information shall only apply to the following materials:

a.    "Trade secret" shall have the same meaning as in 78 O.S. §86(4).

    i.    "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique or process, that:

        a. derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and

        b. is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

    ii.    "Trade secret" shall explicitly not include any aspects of the handling of Plaintiffs' claim as first-party insureds, including but not limited to attempts to lower indemnity payments on Plaintiffs' claim, including the total roof

replacement requested, and anything regarding denying or partially denying Plaintiffs' claim.

b.    "Confidential research, development or commercial information" shall refer to information that is maintained in secrecy from third Parties and which a party in good faith believes would result in substantial competitive harm if publicly disclosed.

c.    "Personal confidential information" shall include a person's social security number, medical records, bank records, personnel records and tax information.

4.    Any party may challenge any other party's designation of a document or portion of a document as "Confidential." A party shall not be obliged to challenge the propriety of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation takes issue at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The producing party shall respond, in writing, within twenty (20) days, by stating whether it agrees or disagrees that designation should be removed. The Parties shall attempt to dispose of such dispute in good faith on an informal basis.  If the Parties are unable to reach an agreement, the producing party shall have thirty (30) days to submit a motion for relief from the Court. If the producing party fails to timely file said motion for relief within the time prescribed, the document shall no longer be subject to this Protective Order. The fact a document has been designated as "Confidential" shall not create a presumption the document is, in fact, confidential or a trade secret entitled to protection by this Protective Order.  The burden of establishing that a document or testimony contains trade secret or personal confidential information and is entitled to the protection of this Protective Order shall remain on the party

making the designation. Further, a party's agreement to this Protective Order does not prejudice the party's right to move the Court to lift the Protective Order for good cause.

5.       Documents and/or deposition transcripts designated as "Confidential" shall not disseminated publicly, and may be disclosed only to the following persons, unless prior written consent to further disclosure has been obtained from counsel for the designating party or permission for such disclosure has been given by the Court:

    a.    The Court pursuant to the terms of this Protective Order;

    b.    The attorneys working on this action on behalf of any party, including inside, outside and consulting counsel, their legal associates, paralegals, and employees working under the supervision of such counsel;

    c.    Any director, officer or employee of a party who is required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

    d.    Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(b) to assist in the prosecution or defense of this action, including outside experts and their employees;

    e.    Any actual or potential deposition or trial witnesses in this action;

    f.    Any mediator mutually agreed upon by the Parties in this action; and

    g.    Any other Court or Judiciary with jurisdiction over this action.

The persons described in paragraphs (c), (d), and (e) shall have access to "Confidential" material only after they have been made aware of the terms of this Protective Order and have manifested their assent to be bound thereby.

6.      It shall not be deemed a violation of this Protective Order for counsel to disseminate documents designated as "Confidential" at deposition or as part of their filings with the Court.  If any "Confidential" material is used in any deposition, filing or court proceeding during the course of this litigation, it shall not lose its "Confidential" status through such use. This notwithstanding, any materials specifically designated as "Confidential" under this Protective Order shall, when filed with the Court, be submitted in a sealed envelope or other container, and shall be prominently labeled on the first page: "Contains Confidential Information - Subject to Court Order."

7.      This Protective Order is not intended to preclude use or disclosure of any document, deposition transcript or information which is in the public domain, which has been provided to a party, his/her/its attorneys or experts, by a source independent of the designating party or his/her/its attorney.

8.      Any of the undersigned may request the Court to modify or otherwise grant relief from any provision of this Protective Order. Nothing in this Protective Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

9.      Nothing in this Protective Order shall be construed as a waiver of any rights by any party with respect to matters not specifically provided for herein.

10.     This Court shall retain jurisdiction to enforce this Protective Order and decide any issues relating to or arising from it. If the terms of this Protective Order are violated, the Court may grant such relief to the producing party as is just and necessary, including but not limited to sanctions.

11.     The terms and conditions of this Protective Order shall remain in full force and effect and shall survive the final resolution of this litigation unless the Protective Order is terminated or modified in writing by the Parties or by further order of the Court.

12.     All requests made by a party for a document to be filed "under seal" in accordance with this Protective Order shall be made by motion and conform to the requirements set forth in 12 O.S. § 3226(C)(2).

13.     The outcome of any "Confidential" designations made in this Proceeding will be subject to judicial review and determination by the Court pursuant to 50 Okla. Stat. §§ 24A.29-24A.30 and 12 Okla. Stat. § 3226(C)(2).

IT IS SO ORDERED THIS 26th day of November, 2025.

AMY PALUMBO

_____
THE HONORABLE AMY PALUMBO
JUDGE OF THE DISTRICT COURT

APPROVED AS TO FORM:

Reggie Whitten
_____
Reggie N. Whitten, OBA No. 9576
Michael Burrage, OBA No. 1350
Blake Sonne, OBA No. 20341
Hannah Whitten, OBA No. 35261
John S. Sanders, OBA No. 34990
Jake Denne, OBA No. 35097

**Whitten Burrage**
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102

Office: 405.516.7800
Facsimile:      405.516.7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
bsonne@whittenburragelaw.com
hwhitten@whittenburragelaw.com
jsanders@whittenburragelaw.com
jdenne@whittenburragelaw.com

*Attorneys for Plaintiffs*

Lance E. Leffel
Ashlyn M. Smith
GABLE GOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, OK 73102
lleffel@gablelaw.com
asmith@gablelaw.com

Carrie B. McNeer
Grant A. Fitz
GABLE GOTW ALS
110 N. Elgin Avenue
Suite 200
Tulsa, OK 74120-1490
cmcneer@gablelaw.com
gfitz@gablelaw.com

*Attorneys for Defendant State Farm, Defendant Mark D. Welty, and Defendant Mark D. Welty Insurance Agency, Inc.*