# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEIDI BARLOW and DOUG BARLOW, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 5:25-cv-00044-R |
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## STATUS REPORT BY DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY PURSUANT TO COURT MINUTE ORDER OF DECEMBER 11, 2025

In accordance with the Court's Order of December 11, 2025, Defendant State Farm Fire & Casualty Company, Inc. ("State Farm") provides the following report on the status of proceedings as it relates to the discovery orders made by the Hon. Amy Palumbo in *Wong-Faust v. State Farm Fire & Casualty Co., Inc., et al.*, Case No. CJ-2025-1675 ("*Faust*") and *Hursh v. State Farm Fire & Casualty Co., Inc., et al.*, Case No. CJ-2025-2626 ("*Hursh*") since the entry of this Court's Minute Order on December 11, 2025:

1. On December 19, 2025, State Farm filed a Motion for Expedited Stay of the Court's November 25, 2025 Order on Plaintiffs' Motion to Compel in both *Faust* and *Hursh* in anticipation of filing its Motion to Reconsider in each case. *See* Dkts. *Faust* and *Hursh*.

2. On December 23, 2025, State Farm filed its Motion to Reconsider and Stay the Court's November 25, 2025 Order on Plaintiffs' Motion to Compel in both *Faust* and *Hursh*. *Id.*

3. The Court set the Motion for Hearing on its next available docket, March 3, 2026. *Id*.

4. On December 29, 2025, Plaintiffs filed an Objection to State Farm's Motion to Stay in both *Faust* and *Hursh*, but stated therein Plaintiffs would be separately filing a response to State Farm's Motion for Reconsideration. *Id*.

5. On December 31, 2025, Plaintiffs filed, in both cases, their Motion for Emergency Hearing or Order Ruling on the Briefs without a Hearing on State Farm's Motion to Reconsider and Stay the Court's November 25, 2025 Order. There has been no ruling on that Motion and, to State Farm's knowledge, it is not separately set for hearing. *Id*.

6. No application for a writ to the Oklahoma Supreme Court has been filed. Whether and when a writ may be filed is to be determined based upon the outcome of State Farm's Motion to Reconsider.

7. The items in paragraphs 1-6 above, relate to Plaintiffs' Motion to Compel documents, the parallel to Dkt. 49 and 53 in this Court. Also, at issue in *Faust* and *Hursh* is State Farm's Motion for Protective Order to limit the Notice of Corporate Representative Deposition on 30 topics and 101 subtopics which Motion was denied in full. That same Deposition Notice was filed in this Court and is the subject of State Farm's Motion to Quash and for Protective Order herein, Dkt. 52 and 59.

8. There was a dispute as to some provisions on the Journal Entry on the Motion for Protective Order as to the Deposition Notice and the Journal Entry was not entered until December 31, 2025. *See* Dkts. *Faust* and *Hursh*.

9.      State Farm anticipates filing a Motion to Reconsider that order as well, for the reasons stated in the Motion pending before this Court, Dkt. 52 and 59.

10.      The December 31, 2025 Journal Entry in *Hursh* also denies in full State Farm's Motion to quash/limit the separate individual deposition notices to five current claim personnel (none of whom had any involvement in the *Hursh* claim). Only Nicole Manduca has been Noticed for Deposition in *Barlow*, issued on December 29, 2025 for a deposition on January 16, 2026. Dkt. 67. State Farm has not yet filed a Motion to Quash that Notice, but anticipates doing so in the immediate future based on the current posture.

11.      State Farm also believes it is necessary, in the interest of justice and to recount the full status of matters since the December 11 in Chambers meeting, to report the way that the Court's stay in *Barlow* is being described in other proceedings.

12.      In a matter pending before Judge Heaton, *Stafford v. State Farm Fire & Casualty Co.*, CIV-2025-00008-HE, Plaintiffs filed a Motion to Stay all deadlines in that case in deference to the Orders in *Faust* and *Hursh*, and in reliance on the outcome of the Chambers meeting in *Barlow,* stating:

> Indeed, on December 11, 2025, at a status conference in front of the Honorable David Russell in another State Farm case [*Barlow v. State Farm*, No. CIV-25-44-R] involving an identical Motion to Compel, counsel for State Farm represented to Judge David Russell that he should **reserve ruling** on Plaintiffs' Motion until the Oklahoma Supreme Court issued a decision on State Farm's putative writ. Judge Russell agreed and ordered that all deadlines be held in abeyance until the Oklahoma Supreme Court ruled on State Farm's writ

13.      In *Faust* and *Hursh,* in their Motion for Emergency Hearing on State Farm's Motion for Reconsideration, Counsel stated:

3

On December 11, 2025, Plaintiffs' counsel appeared in another matter in front of Western District of Oklahoma Judge David Russell wherein different counsel for State Farm not entered in this matter, Timila Rother, told Judge Russell that State Farm intended to appeal the Court's November 14, 2025 and November 25, 2025 Orders on discovery and production, and that Judge Russell should stay that case pending an appeal to the Oklahoma Supreme Court or a Motion to Reconsider. See Ex. 2, Russell Stay Order

14. The above descriptions to Judge Heaton and Judge Palumbo are untrue and are being used to prejudice State Farm in other proceedings. Besides being an incorrect account of events, they suggest a willingness by State Farm to have the Orders in *Faust* and *Hursh* be relied upon by this Court in its rulings, when counsel for State Farm in *Barlow* urged the opposite. Indeed, the sequence was that, when counsel for Plaintiffs urged the Court to rely upon the rulings in *Faust* and *Hursh*, your Honor inquired of Plaintiffs' counsel as to why, if they had the documents from those cases, the Court needed to address the current motion. Counsel for Plaintiffs noted that they did not yet have the documents, and Mr. Burrage stated his expectation that State Farm would seek a writ of prohibition from the Oklahoma Supreme Court. Your Honor turned to the undersigned and asked whether that was true and the status. The undersigned advised she is not counsel in *Faust* or *Hursh* and could not answer that definitively, but she understood that State Farm was considering a Motion for Reconsideration and/or an Application for a Writ to the Oklahoma Supreme Court. Your Honor then suggested that it would be beneficial to know the outcome of any such proceedings before deciding the Motions before the Court and asked if the parties would consent to that stay. Though reiterating the belief that the *Faust* and *Hursh* Orders should not be relied upon by this Court and that the Motions should be decided

4

under the Federal Rules of Civil Procedure on the merits of the *Barlow* facts, counsel for State Farm did defer to this preference of the Court.

15. That is entirely different than Counsel for Plaintiffs' statement to Judge Heaton that "counsel for State Farm represented to Judge David Russell that he should reserve ruling on Plaintiffs' Motion . . ." or the statement to Judge Palumbo that State Farm suggested that this Court "should stay" ruling on Motions before this Court in deference to her rulings. Counsel for State Farm did not and would not have made that request. State Farm believes the Orders in *Faust* and *Hursh* are wrong, does not believe they are binding on this Court and understands that writs on discovery issues are rarely granted in the Oklahoma Supreme Court and denials of a writ have no binding or precedential effect at all. Thus, State Farm does not believe the orders or their outcome are material and at no time requested a stay to await outcome of State Farm's challenge to them.

Respectfully submitted,

/s/ *Timila S. Rother*
Timila S. Rother OBA #14310
Paige A. Masters, OBA # 31142
Amanda M. Finch, OBA #34650
**CROWE & DUNLEVY, P.C.**
Braniff Building
324 N. Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
timila.rother@crowedunlevy.com
paige.masters@crowedunlevy.com
amanda.finch@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of January, 2026, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| **Reggie Whitten** | rwhitten@whittenburragelaw.com |
| **Michael Burrage** | mburrage@whittenburragelaw.com |
| **Blake Sonne** | bsonne@whittenburragelaw.com |
| **Hannah Whitten** | hwhitten@whittenburragelaw.com |
| **John S. Sanders** | jsanders@whittenburragelaw.com |
| **Jake Denne** | jdenne@whittenburragelaw.com |
| **George Gibbs** | ggibbs@gablawyers.com |
| **James Warner** | jwarner@nixlaw.com |

                                      /s/ *Timila S. Rother*
                                      Timila S. Rother