**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **HEIDI and DOUG BARLOW**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **STATE FARM FIRE AND CASUALTY COMPANY**, <br><br> *Defendant*. | **CIV-25-44-R** <br><br> **Hon. David L. Russell** <br><br> *on removal from* <br> ***District Court of Oklahoma County*** <br> ***CJ-2024-7829*** |

## PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR REMAND

Defendant's Response (Dkt. #91) makes numerous efforts to distract the Court from analyzing the United States Supreme Court's unanimous opinion in *Hain*. Where Defendant addresses *Hain*, it largely disregards and, instead, abbreviates Plaintiffs' arguments as reliant on Justice Thomas's concurring opinion. Dkt. #91 at 1, 8-11. In the few moments Defendant attempts to address the unanimous decision, it dismisses *Hain* as mere reinforcement of the status quo. *See* Dkt. #91 at 4. Defendant's preferential reading of *Hain* is plainly inaccurate; while Plaintiffs never asserted the "doctrine of fraudulent joinder is no longer good law," (*see* Dkt. #91 at 8), *Hain* substantially changes the calculus involved in evaluating fraudulent joinder of a nondiverse defendant.

### A.    *Hain*'s Effect on Fraudulent Joinder

*Hain* is straightforward: it articulates an expansive, substantial threat to judicial economy where the federal district court dismisses a nondiverse party as fraudulently

joined without strictly adhering to the strenuous fraudulent joinder standards. *See* Dkt. #84 at 6-7 (citing *Hain Celestial Grp., Inc. v. Palmquist*, 146 S. Ct. 724, 2026 WL 501733 (U.S. Feb. 24, 2026)). *Hain* asks that federal district courts put their fraudulent joinder analyses under a microscope out of concern for incredible waste of judicial resources; if the appellate court finds the district court erred in its fraudulent joinder assessment and the jurisdictional defect was never cured, then the federal district court lacked subject-matter jurisdiction at all times and any judgment on the merits by the court must be vacated. *See e.g. Hain Celestial Grp., Inc.*, 146 S. Ct. 724, 730 (2026). The harm in such a scenario is apparent. Additionally, the stringent fraudulent joinder standard—requiring that the moving party proved "with complete certainty" that the plaintiff's claims against the nondiverse defendant "have no possibility of success" in state court—creates a high risk of error necessitating a post-merits reversal. At the same time, the Court emphasizes the fundamental principle that plaintiff is "master of the complaint" and should be given a high level of deference in choosing where to proceed with litigation.[1]

The result of this dangerous combination of high risk, substantial harm, and general deference to the plaintiff's choice of forum is a warning that that federal district courts must exercise extreme caution before finding fraudulent joinder of a nondiverse defendant. Where a court deviates from the high-hurdle, hardline fraudulent joinder standard, it invites incredible waste of judicial resources, and prejudice to the parties, and countless years of

---

[1] *See e.g. Hain Celestial Grp., Inc.*, 146 S. Ct. 724, 733 (2026).

correction. This is what *Hain* represents.[2]

The same rationale outlined in *Hain* has already been used as a basis to remand Oklahoma cases substantially similar to Plaintiffs'. When faced with the same removal arguments in *Richardson v. Allstate*, Judge Wyrick recognized that the heightened risk of waste of judicial resources due to the likelihood of a post-merits reversal was a ground for remand. *Richardson*, 2026 WL 526387, at *1.[3] Similarly, Magistrate Judge Jason A. Robertson applied the *Hain* rationale in granting remand in *Baugh v. State Farm Fire & Cas. Co., et al.,* 2026 WL 796371, at *1 (E.D. Okla. Mar. 4, 2026), *report and recommendation adopted sub nom.*, 2026 WL 793869 (E.D. Okla. Mar. 20, 2026) ("Federal courts may not expand their jurisdiction through merits determinations that precede a proper finding of subject matter jurisdiction.") (citing *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S.___,___(2026)). As was true in *Baugh*, Defendant's Removal here is predicated on an improper request "to treat disputed factual allegations as jurisdictional fraud":

> State Farm does not allege that Plaintiffs misstated their citizenship or otherwise falsified jurisdictional facts. Instead, State Farm argues that the allegations against the agent defendants are implausible, repetitive, or unsupported, and therefore amount to "actual fraud" for purposes of the fraudulent-joinder analysis. **That argument stretches the doctrine beyond**

---

[2] Justice Thomas's acknowledgement that the *Hain* situation resulted from the district court's improper merits-based fraudulent joinder analysis acknowledges that such post-merits reversals are likely to follow merits-based findings of fraudulent joinder. *Hain*, 2026 WL 501733, at *735-36 (Thomas, J. concurring).

[3] Defendant feigns confusion about Plaintiffs' Motion's citations to *Richardson*, stating Plaintiffs could not assert *Richardson* is progeny of *Hain*. *See* Dkt. #91 at 9 n.2. Defendant once again misrepresents Plaintiffs' arguments, as Plaintiffs made no such assertion. Regardless, it is unmistakable that *Richardson* identified the same *rationale* outlined in *Hain* in granting remand to avoid potential procedural disaster.

**its narrow bounds**.

. . .

**Defendant's argument instead asks the Court to treat disputed factual allegations as jurisdictional fraud**. That approach conflates the two *Dutcher* prongs and improperly transforms a jurisdictional inquiry into a merits determination. **At the removal stage, the Court does not determine whether allegations are true, persuasive, or likely to survive summary judgment. It only asks whether they are possible under state law**.

. . .

Accordingly, the first prong of *Dutcher* is not satisfied.

. . .

Removal is not improper merely because it is unsuccessful. However, jurisdictional doctrine is not an invitation to perpetual relitigation. Repetition of an argument does not convert it into jurisdictional truth, and repetition of allegations does not, by itself, establish fraud. Continued reliance on arguments previously rejected under controlling law may, in an appropriate case, bear on the objective reasonableness inquiry under § 1447(c).

*Id*. at *2, 5 (internal citations omitted) (emphasis added). The reasoning established in *Hain* and exercised in *Richardson* and *Baugh* applies with equal force here.

**B.    Defendant's Remaining Arguments Fail to Establish Fraudulent Joinder**

Defendant raises additional arguments to distract from the issues on remand. arguments are neither relevant nor compelling.

State Farm argues, without support, that removal is warranted simply because it removed this case prior to Plaintiffs' perfecting service on Hagar. Not. ¶¶ 4, 6-8. Not true. "Federal Rule of Civil Procedure 4(m) [] gives 'the plaintiff [90] days from the date defendant removes the case to federal court in which the imperfect or defective service may be cured.'" *Palzer v. Cox Oklahoma Telecom, LLC*, 671 F.App'x 1026, 1028 (10th Cir. 2016) (quoting *Wallace v. Microsoft Corp*., 596 F.3d 703, 707 (10th Cir. 2010). State Farm removed this case on January 10, 2025, and therefore set an earliest possible deadline for Plaintiffs to perfect service on Billings on April 10, 2025. Setting aside Defendant's

4

foundationless premise, Plaintiffs perfected service on Hagar on <u>March 7, 2025</u> – well within the deadline following Defendant's removal.[4] *See* Dkt. #24-3 Proof of Service on Hagar. Service is not an issue here.

Additionally, and as has become customary of Defendant, Defendant uses its Response as an opportunity to vent about the procedural posture of this case, confusingly accusing Plaintiffs of "doing little to advance discovery on the merits of this case." Dkt. #91 at 4.[5] While Defendant's intention in voicing these frustrations in response to a motion to remand is unclear, the falsity of Defendant's accusation warrants a response. Discovery has been sought by Plaintiffs' counsel, and vehemently opposed by State Farm, across all Plaintiffs' counsel's cases (regardless of forum). Plaintiffs' counsel has attempted to set up depositions across a multitude of cases, but at nearly every turn, Defendant has staunchly

---

[4] While State Farm limits its argument to focusing on whether service was perfected at the time it removed, Plaintiffs note that service was perfected on Hagar within 12 O.S. § 2004(I)'s 180-day period in addition to FRCP 4(m)'s 90-day period: Plaintiffs filed the Petition in state court on December 6, 2024, and therefore had until June 4, 2025 to perfect service under Section 2004. *See* 12 O.S. § 2004(I) (service of process be "made upon a defendant within one hundred eighty (180) days after the filing of the petition…"); *see also* Dkt. #24 at 5.

[5] Here, Defendant also attempts to diminish Plaintiffs' Motion by advising the Court that "Plaintiffs preferred to litigate in state court." *Id.* That Defendant apparently believes this cuts against the validity of Plaintiffs' Motion further demonstrates Defendant misunderstands—or disregards—a fundamental element of fraudulent joinder under *Hain*: that a plaintiff, as "'master of the complaint,' [] generally has the right to choose whether to proceed in federal or state court" and may exercise that right by "purposefully and properly joining a nondiverse defendant against whom they could not proceed in federal court[.]" *Hain Celestial Grp., Inc. v. Palmquist*, No. 24-724, 2026 WL 501733, at *7 (U.S. Feb. 24, 2026); *see also Richardson v. Allstate Veh. & Prop. Ins*. Co, 2026 WL 526387, at *1 (W.D. Okla. Feb. 25, 2026) (Wyrick, D.J., remanding) (when assessing fraudulent joinder, plaintiff is entitled to "the presumption in favor of [his] right to select [his] forum and join tortfeasors[.]"

refused to produce witnesses. The Court acknowledged Defendant's discovery failures in granting stays in *Cisneros* and *Porter*, holding "[t]here are several significant discovery issues that impact Plaintiffs' ability to prepare its case and respond to Defendant's dispositive motion." *See Cisneros v. State Farm*, CIV-25-00042-R, Dkt. #72 Order at 2; *Porter v. State Farm*, CIV-25-00187-R, Dkt. #74 Order at 2. Similarly, Judge Dishman recently rejected Defendant's efforts to frustrate discovery in denying Defendant's Motion to Quash Deposition of Nicole Manduca in the *Wiesman* case. *See generally Wiesman v. State Farm*, CIV-25-00050-JD, Dkt. #45 Order. If Defendant's intent is to direct blame for its apparent frustration, it need not look beyond the mirror.

## CONCLUSION

Defendant's exercises in misdirection fail. Defendant cannot prove "with complete certainty" that the plaintiff's claims against the nondiverse defendant "have no possibility of success" in state court. Plaintiffs' allegations, alongside the extreme degree of caution counseled by *Hain*, necessitate remand.

Respectfully Submitted,

*s/ Jake Denne*
Reggie N. Whitten, OBA #9576
Michael Burrage, OBA #1350
Hannah Whitten, OBA #35261
John S. Sanders, OBA #34990
Jake Denne, OBA #35097
**WHITTEN BURRAGE**
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone:    (405) 516-7800
Facsimile:    (405) 516-7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
bsonne@whittenburragelaw.com
hwhitten@whittenburragelaw.com
jsanders@whittenburragelaw.com
jdenne@whittenburragelaw.com

James Warner, OBA No.
**NIX PATTERSON, LLP**
512 N. Broadway, Suite 200
Oklahoma City, OK 73102
Office:          405.516.7800
Facsimile:    405.516.7859
*jwarner@nixlaw.com*

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, the forgoing Motion was served on all parties of record by means of the Court's ECF system.

*/s/      Jake Denne*