**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HEIDI BARLOW, et al. | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-25-44-R** |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Defendant State Farm's Motion for Entry of Protective Order [Doc. No. 64], which includes a proposed protective order [Doc. No. 64-1]. Plaintiffs responded in opposition [Doc. No. 70] and State Farm replied [Doc. No. 74].

Under Federal Rule of Civil Procedure 26(c)(1)(G), a "court may, for good cause, issue an order to protect a party ... [by] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Protective orders designating and limiting the disclosure of certain materials have practically become "standard practice in complex cases." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). The benefit of protective order limiting the use and disclosure of confidential materials is that they "allow the parties to make full disclosure in discovery without fear of public access to sensitive information." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). The party seeking the order must make a "threshold showing of good cause to believe that discovery will involve confidential or protected information."

1

*Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). Rule 26 confers broad authority on the trial court to determine when a protective authority is appropriate and the "safeguards that should attend the[] disclosure" of trade secret or confidential information. *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981).

Here, the Court finds good cause for the entry of a protective order. Plaintiffs seek extensive discovery into State Farm's internal business strategies, finances, policies, procedures, and personnel. It is apparent that the materials sought will contain proprietary, trade secret, or other confidential information. Plaintiffs do not dispute the need for a protective order but argue that State Farm's proposed protective order is too broad and contains an unworkable designation standard that extends to materials supplied by a non-party.

> State Farm's proposed protective order states that the supplying party
>
> shall have the right to designate as confidential any document or other information it produces or provides and any testimony it gives in this Proceeding that it and its counsel believe in good faith discloses financial information, trade secret or competitive information, or other types of sensitive or proprietary information contemplated under Rule 26(c) of the Federal Rules of Civil Procedure. Any party to this Proceeding may also designate as confidential any such information or testimony supplied by a non-party if the party transmitted the information to the non-party under an agreement or obligation that it would remain confidential.

Doc. No. 64-1 ¶ 1(b).

This provision imposes two important limitations on the supplying party's right to designate documents as confidential. First, the supplying party "may only invoke the designation in good faith." *Dotson v. Experian Info. Sols., Inc.*, No. CIV-17-575-D, 2019

WL 440588, at *2 (W.D. Okla. Feb. 4, 2019). Second, the documents must contain the type of sensitive or proprietary information contemplated by Rule 26 and therefore cannot be applied indiscriminately. These same limitations apply to material supplied by a non-party.

Additionally, the proposed protective order provides a mechanism for the receiving party to challenge the designation and the supplying party bears the burden of establishing the confidential designation as proper. Doc. No. 64-1 ¶ 5. The proposed protective order does not control the use of confidential documents at trial and requires the parties to seek leave of court to file any information under seal. Although a protective order more narrowly defining the specific documents or categories of documents to be deemed confidential may sometimes be the preferred practice, the terms contained in the proposed protective order are appropriate here.

For the reasons stated above, State Farm's Motion for Entry of Protective Order [Doc. No. 64] is GRANTED. The protective order contained at Doc. No. 64-1 will be entered separately.

IT IS SO ORDERED this 12th day of May, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE